# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY P. SURFACE, *et al.*, | : | Case No. 1:15-cv-40 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| OFFICER SCOTT CONKLIN, | : | |
| Defendant. | : | |

## ORDER DENYING
## DEFENDANT'S MOTION IN LIMINE OR,
## IN THE ALTERNATIVE, TO RECONSIDER
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This civil action is before the Court on Defendant's motion *in limine* or, in the alternative, to reconsider Defendant's motion for summary judgment (Doc. 45), as well as the parties' responsive memoranda. (Docs. 47, 48).

## I. BACKGROUND

On January 18, 2014, Defendant Officer Scott Conklin shot and killed Caleb Surface, son of Plaintiffs Jeffrey Surface and Laura Pavlech. Plaintiffs filed this lawsuit against Officer Conklin asserting federal claims pursuant to 42 U.S.C. § 1983 for excessive force, as well as various state law claims. Officer Conklin moved for summary judgment on the basis that he is entitled to qualified immunity, and that there is no genuine issue of material fact that the force exercised was reasonable. (Doc. 24). The Court denied Defendant's motion for summary judgment (Doc. 32), largely based on the affidavit of Melanie Freel that was filed in response to the motion for summary judgment

1

(the "Second Affidavit"). (Doc. 28-2). Prior to the Second Affidavit, Ms. Freel gave sworn testimony to the City of Fairfield Police Department on the day of the shooting (the "First Affidavit"). (Doc. 31-1). The Second Affidavit, unlike the First Affidavit, noted that Ms. Freel had in fact been an eye witness to Officer Conklin's use of deadly force against Caleb Surface.

Ms. Freel was deposed by Defendant's counsel on June 12, 2017 regarding her affidavits. (Doc. 44). On September 8, 2017, Ms. Freel died.

Officer Conklin moves the Court to exclude the testimony of Ms. Freel from being used at trial. He argues that statements given in the First Affidavit, Second Affidavit, and subsequent deposition are inconsistent and therefore unreliable.

## II. STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Generally, "[m]otions *in limine* are…used to…eliminat[e] evidence that is clearly inadmissible for any purpose." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984). "Courts are generally reluctant to grant broad exclusions of evidence *in limine* because a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Ohio Willow Wood Co.*

2

*v. ALPS South, LLC*, No. 2:04cv1223, 2014 U.S. Dist. LEXIS 103107, at *5 (July 29, 2014 S.D. Ohio).

Similar to other evidentiary rulings, the decision to grant or deny a motion *in limine* is within the sound discretion of the trial court. *Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 852 (7th Cir. 1998). However, "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Rather, motions *in limine* are "generally confined to very specific evidentiary issues of an extremely prejudicial nature." *Brown v. Oakland Cnty.*, No. 14-CV-13159, 2015 WL 5317194, at *2 (E.D. Mich. Sept. 10, 2015). If the evidence is not plainly inadmissible on all potential grounds, the court's "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

### III. ANALYSIS

Defendant argues that Ms. Freel's testimony should be excluded because it is not relevant, is not reliable, and is inadmissible hearsay.

**A. Relevance**

First, Defendant argues that Ms. Freel's testimony should be excluded because it is not relevant. Relevancy is the threshold determination regarding the admissibility of evidence. *Cervelli v. Thompson/Ctr. Arms,* No. C2–99–1409, 2002 WL 193577, at *4 (S.D. Ohio Jan. 28, 2002) (citing *Koloda v. General Motors Parts Div., General Motors*

3

*Corp.*, 716 F.2d 373, 375 (6th Cir. 1983); Fed. R. Evid. 402). The "standard for relevancy under Rule 401 is 'extremely liberal.'" *Ayers v. City of Cleveland,*773 F.3d 161, 169 (6th Cir. 2014) (citing *Dortch v. Fowler,* 588 F.3d 396, 400 (6th Cir. 2009)). According to Fed. R. Evid. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402, all irrelevant evidence is inadmissible.

Defendant argues in his reply brief that Ms. Freel's testimony is not relevant because it does not go to a fact at issue and is cumulative of other witnesses. (Doc. 48 at 1–5). This argument is without merit: Ms. Freel's testimony is clearly relevant. As Defendant notes, his motion for summary judgment "was denied based exclusively on the affidavit of Melanie Freel." (Doc. 45 at 2). Ms. Freel's testimony states Caleb Surface did not say anything to Officer Conklin after Officer Conklin said, "Caleb, Stop." (Doc. 28-2 at 2). Ms. Freel also testified that there was no significant lapse of time between Officer Conklin's warning and the shooting. (*Id.*). This testimony plainly contradicts Officer Conklin's sworn statement and raises a genuine issue of material fact as to whether or not Officer Conklin's actions were objectively reasonable, and her testimony is not cumulative of other witness' testimony. Ms. Freel's testimony is clearly relevant and shall not be excluded on that grounds.

4

## B. Reliability

Next, Defendant argues that Ms. Freel's testimony must be excluded because it is unreliable. Fed. R. Evid. 403 limits the admissibility of some forms of relevant evidence; the Rule states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Under Rule 403, "[t]his Court has broad discretion in deciding issues of admissibility...." *Koloda,* 716 F.2d at 378. This discretionary power does not allow the Court to exclude competent evidence which is essential and vital to a litigant's case, unless there is a sound and practicable reason for barring it. *Id.* at 378.

Defendant attempts to cast doubt on the execution of the Second Affidavit. In Ms. Freel's deposition, which took place approximately 16-months after the execution of the Second Affidavit, she testified that the she did not recall seeing the Second Affidavit and did not recall having met one of plaintiffs' attorneys, Robert Kelly, who had notarized the Second Affidavit. (Doc. 44 at PageID# 489). Ms. Freel also identified two inaccuracies in the Second Affidavit: (1) the distance between Caleb Surface and Officer Conklin at the time of the shooting and (2) that she could not recall seeing Caleb Surface "stop and turn around." (*Id.* at 495–96).

First, the Court is not impressed with Defendant's arguments regarding the authenticity of the Second Affidavit. The fact that Ms. Freel testified that she did not recognize Mr. Kelly does not prove that the Second Affidavit was nefariously executed.

Indeed, Plaintiffs have submitted an affidavit of Ms. Freel's former husband, Brian K. Todd, who asserts he was present when Mr. Kelly brought the Second Affidavit to Ms. Freel so she could review and sign the document. (Doc. 50). Thus, the Court does not find that any issues with the execution of the Second Affidavit require excluding Ms. Freel's testimony.

Second, while Ms. Freel testified that there are two inaccuracies in the Second Affidavit, both her testimony and Second Affidavit are clear and consistent that she did not hear Caleb Surface speak at any time after he left her house. (Doc. 44 at PAGEID# 502). Ms. Freel's testimony is highly relevant and does not prejudice the Defendant (as the law defines prejudice), does not confuse issues, and will not mislead the jury. Additionally, this evidence does not cause undue delay, waste time, or present cumulative evidence. Moreover, Defendant will be free to raise any inconsistencies in Ms. Freel's testimony when it is presented to the jury.

Here, the Court finds that the probative value of Ms. Freel's testimony is *substantially* outweighed by any inconsistencies or unreliability and it should not be excluded.

### C. Inadmissible Hearsay

Finally, Defendant argues that Ms. Freel's testimony should be excluded because it constitutes inadmissible hearsay. Fed. R. Evid. 802 provides "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or the rules prescribed by the Supreme Court." When a witness is unavailable, former

6

testimony is not excluded under the rule against hearsay when that testimony:

> (A) Was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceedings or a different one; and
>
> (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1). When a witness is unavailable, "his statement is only admissible if it bears adequate indicia of reliability." *Idaho v. Wright*, 497 U.S. 805, 814–15 (1990).

There is no dispute that Ms. Freel is unavailable. However, Defendant argues that her testimony should be excluded because she was not subject to cross examination regarding some of her statements. Defendant contends that Ms. Freel was deposed largely about inconsistent statements in the Affidavits, but not on topics such as a line of sight study that Defendant has conducted. (Doc. 45 at 6). The Court is unpersuaded.

The Court granted Defendant's motion for leave to depose Ms. Freel (Doc. 35) and Defendant conducted a lawful deposition. There is simply no dispute that Defendant had the <u>opportunity and similar motive</u> to cross-examine Ms. Feel regarding her Affidavits during that deposition. Moreover, as the Court found *supra*, Ms. Freel's testimony bears adequate indicia of reliability.

Accordingly, Ms. Freel's testimony is admissible and should not be excluded.

**D. Reconsideration of Defendant's Motion for Summary Judgment**

Having found that Ms. Freel's testimony should not be excluded, the Court will not strike the Second Affidavit and will not reconsider Defendant's motion for summary

7

judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion *in limine* to exclude the testimony of Melanie Freel or in the alternative reconsider Officer Conklin's motion for summary judgment (Doc. 45).

**IT IS SO ORDERED.**

Date: 10/23/18

*Timothy S. Black*
Timothy S. Black
United States District Judge