UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY P. SURFACE, *et al.*, | : | Case No. 1:15-cv-40 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| OFFICER SCOTT CONKLIN, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S
MOTION TO BIFURCATE (Doc. 52)**

This civil action is before the Court on Defendant's motion to bifurcate Plaintiffs' claim for punitive damages (Doc. 52), as well as the parties' responsive memoranda. (Docs. 62, 68).

**I. BACKGROUND**

On January 20, 2015, Plaintiffs brought suit for federal and state law causes of action against Defendant Officer Scott Conklin, as well as Officer Todd Adamson, the City of Fairfield, the Fairfield Police Department, and Fairfield Chief of Police Michael Dickey, related to Officer Conklin's fatal shooting of Caleb Surface on January 18, 2014. (Doc. 1). On May 20, 2015, the Court dismissed all claims against all defendants except for Defendant Conklin. (Doc. 12). Plaintiffs seek both compensatory and punitive damages from Defendant Conklin. (Doc. 1).

Defendant moves to bifurcate Plaintiffs' claim for punitive damages.

1

## II. STANDARD OF REVIEW

Rule 42 of the Federal Rules of Civil Procedure, which governs bifurcation,[1] provides in part as follows:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). Only one of the three factors need be met to justify bifurcation. *See Saxion*, 86 F.3d at 556.

Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases. *Chubb Custom Ins. Co. v. Grange Mutual Cas. Co.*, No. 2:07-CV-1285, 2008 WL 4823069, at *2 (S.D. Ohio Nov. 3, 2008). While courts have almost unfettered discretion as to the manner and order in which they conduct trials, a decision ordering bifurcation should be grounded in the facts and circumstances of each case. *Hoffman v. Merrel Dow Pharmaceuticals (In re Bendectin Litigation)*, 857 F.2d 290, 316 (6th Cir. 1988), *cert denied*, 488 U.S. 1006

---

[1] Defendant briefly argues that, under Ohio law, a defendant is entitled to bifurcation of a plaintiff's claim for punitive damages pursuant to Ohio Rev. Code § 2315.21(B)(1), which provides: "The trial court has no discretion to deny a motion to bifurcate the punitive damages issue in a tort case when a party files a motion requesting bifurcation." R.C. § 2315.21(B)(1). However, R.C. § 2315.21(B) is procedural, and the procedural law of Ohio is inapplicable. *See Tuttle v. Sears, Roebuck& Co.*, Case No. 1:08-cv-333, 2009 WL 2916894 (N.D. Ohio Sept. 4, 2009) (finding that bifurcation pursuant to R.C. § 2315.21(B) is procedural). Defendant subsequently concedes that the Sixth Circuit holds that a request for bifurcation is procedural and the decision to bifurcate is within the discretion of the district court pursuant to Fed. R. Civ. P. 42. (Doc. 52 2–3); *see Saxion v. Titian-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

(1989).

In determining whether bifurcation is appropriate, the court should consider potential prejudice to the parties, possible juror confusion, and any convenience and economy that would likely result. *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997). Because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course," the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion. Wright & Miller, Federal Practice and Procedure § 2388 (2d ed. 2006).

### III. ANALYSIS

Defendant argues that the trial should be bifurcated (1) due to potential prejudice to Conklin, (2) because failure to bifurcate punitive damages will result in potential juror confusion, and (3) because concerns of judicial economy will be served by bifurcation.

**A. Prejudice**

The first of three factors that a court looks to when considering a Federal Rule of Civil Procedure 42(b) motion to bifurcate is the potential prejudice to the parties. *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007).

Under Ohio law, punitive damages are only recoverable from a defendant when the plaintiff has proven by clear and convincing evidence that "the actions or omissions of that defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult, or that defendant as principal or master authorized, participated in, or ratified

3

actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code Ann. § 2315.21(B)(1). In a § 1983 action, a defendant's actions must have been "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015).

Defendant argues that he will be prejudiced if the trial is not bifurcated because, in order to show he did not act with malice, he plans to present evidence regarding compliance with Fairfield Police Department general policies. (Doc. 52 at 4–5). Defendant additionally argues that evidence regarding whether Officer Conklin acted with malice is not relevant to purposes of determining liability and that the presentation of such evidence could result in undue prejudice. In response, Plaintiffs argue that Defendant's motion for bifurcation is simply an attempt to exclude relevant evidence and therefore bifurcation would be prejudicial to Plaintiffs. (Doc. 62 at 3).

The Court does not see how a joint trial of liability and punitive damages would prejudice either party. While whether Defendant Conklin acted with malice is not relevant for determining liability, his intent does arise out out of the same actions as those that establish liability. Accordingly, Defendant has not met his burden to show that it would be prejudiced if the trial is not bifurcated.

**B. Juror Confusion**

The next factor a court considers in a bifurcation analysis is whether juror confusion will result from failure to bifurcate. *Wokosky v. 21st Century Centennial Ins. Co.*, 2:10-cv-439, 2010 WL 2788676, at * 5 (S.D. Ohio July 14, 2010). Defendant argues

that juror confusion will occur if the trial is not bifurcated because at the liability stage, jurors will determine whether Conklin's action was reasonable, while at the punitive damages stage jurors will be presented with evidence regarding whether the shooting was done intentionally or with malice. Defendant also argues that information regarding punitive damages may overwhelm a rationale decision-maker, therefore causing juror confusion. *See Steinberger v. State Farm Auto. Ins*., No. 3:10-CV-015, 2010 WL 3603791, at *2 (S.D. Ohio Sept. 9, 2010) ("in a catastrophic damages but weak liability case, the damages may overwhelm a rational decision on liability"). The Court is unconvinced.

Here, any potential juror confusion will be alleviated by evidentiary rulings and jury instructions that clarify the different tests for liability and for punitive damages, and that clear and convincing evidence is required for any award of punitive damages. Accordingly, Defendant has failed to meet his burden to show that failure to bifurcate punitive damages will confuse jurors.

**C. Judicial Economy**

The final factor a court considers in deciding a motion to bifurcate are issues of judicial economy. *Wilson*, 477 F.3d at 339. Defendant contends that bifurcation is proper because if Defendant prevails on liability at trial, a separate trial regarding punitive damages would be unnecessary. Defendant additionally argues that bifurcating issues of liability and damages will streamline the evidence presented. Again, these arguments are not well-taken.

5

Here, the evidence regarding liability and punitive damages will overlap substantially, which weighs against bifurcation. *See Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (affirming denial of motion to bifurcate). The Court finds it is in the interest of judicial economy to have a single proceeding addressing both liability and punitive damages. Accordingly, Defendant has failed to meet his burden to show that bifurcation benefits judicial economy.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to bifurcate (Doc. 52).

**IT IS SO ORDERED.**

Date: 11/30/18                                                  *s/ Timothy S. Black*
                                                                Timothy S. Black
                                                                United States District Judge